UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| RANDAL VAUGHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:16-CV-206 |
| | ) |
| CROWN EQUIPMENT | ) |
| CORPORATION d/b/a | ) |
| CROWN LIFT TRUCKS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

COMPLAINT AND DEMAND FOR JURY TRIAL

I. NATURE OF THE CASE

1.  Plaintiff, Randal Vaughn ("Vaughn"), by counsel, brings this action against Defendant, Crown Equipment Corporation d/b/a Crown Lift Trucks ("Defendant") alleging a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.,* the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et. seq.*, the Family and Medical Leave Act, and for violations of Indiana law.

II. PARTIES

2.  Vaughn is a resident of the Commonwealth of Kentucky.

3.  Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

III. JURISDICTION AND VENUE

4.  Jurisdiction is conferred on this Court over the subject matter of this

litigation pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, 29 U.S.C. § 626, 42 U.S.C. § 12117 and 29 U.S.C. §2617(a)(2).

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b), 42 U.S.C. § 12111(5)(A), and 29 U.S.C. §2611(4).

6. At all times relevant to this action, Vaughn was an "employee" as that term is defined by 29 U.S.C. § 630(f).

7. Plaintiff, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8. Vaughn is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c). At all relevant times, Defendant had knowledge of Vaughn's disability and/or it regarded Vaughn as being disabled and/or Vaughn has a record of being disabled.

9. Vaughn satisfied his obligation to exhaust his administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 470-2016-01159 against Defendant alleging age, retaliation and disability discrimination. Vaughn received his Notice of Suit Rights and timely files this action.

10. This Court has supplemental jurisdiction over Vaughn's Indiana state law claim pursuant to 28 U.S.C. §1367.

11. All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

12. Vaughn, who was born in 1956, was hired by Defendant on or about November 20, 2007 as a Dock and Door Product Support Specialist. Vaughn spent a large amount of his time traveling or working from home as he was able to conduct the bulk of his job responsibilities using his smart phone and laptop computer.

13. During all relevant time periods, Vaughn met or exceeded the Defendant's legitimate performance expectations. In fact, Vaughn was the Defendant's Salesperson of the Year for 2012 and 2013.

14. On or about September 16, 2014, Vaughn injured himself while working that required the filing of a workers' compensation claim. Vaughn was out on a medical leave beginning on or about October 30, 2014. Defendant failed to offer leave under the FMLA to Vaughn.

15. Vaughn then had surgery on March 19, 2015 and was released to return to work with restrictions on April 20, 2015. Again, Vaughn was not offered leave under the FMLA.

16. Vaughn suffers from physical impairments which substantially limit one or more of his major life activities. Defendant was aware of Vaughn's disability. Even with his restrictions, Vaughn could perform the essential functions of his position with or without an accommodation. Nonetheless, Defendant failed to engage in the interactive process to determine what, if any, accommodations were available to Vaughn.

17. Instead, Vaughn was called into a meeting with Steve Fisher, Regional

Human Resources Manager; Mark Schulte, Sales Manager; David Smith, Branch Manager; and Jessica Howell, Defendant's Registered Nurse.  Vaughn was forced to sign a new agreement that took away two-thirds of his sales territories, took away his commission pay, and said he could no longer talk to his technicians or his customers.

18.   Vaughn was then placed into a close and told to remove staples from and organize old documents for three (3) days. Then he was placed at a copier in front of all of his co-workers and required to copy and scan old documents for the next several weeks.

19.   Vaughn requested to go back to work at his sales position and explained how he could do the job with his restrictions. However, he was told that the Defendant did not want him "to get hurt again."

20.   On or about June 11, 2015, Vaughn's restrictions were completely lifted and he was excited to return to his sales job. However, his excitement was met with a performance improvement plan ("PIP") from Schulte that contained impossible goals and eight (8) unnecessary bullet points that Vaughn was required to adhere. The PIP stated his job performance would be closely monitored and he would be reviewed on October 5, 2015.

21.   On or about August 31, 2015, Vaughn was called into a meeting to challenge his call logs from previous years dating back to 2011. At this time, Vaughn was above his sales goal and on track to be over quota by the end of his PIP.

22.   On or September 3, 2015, Vaughn engaged in a protected activity and

emailed Fisher, Smith and Shawn Dempster, informing them of his disability and the medication he takes for his disability. He also discussed how the disability and medication affects him, he pointed out his past sales awards, how he was treated after his workplace injury and questioned why he was being "singled out" and "over scrutinized" as compared to his similarly-situated co-workers.

23. Again, instead of engaging in the interactive process as required by the ADAA, Defendant, on or about September 9, 2015, terminated Vaughn's employment.

24. Upon information and belief, Defendant hired a younger employee to replace him and/or a younger employee took over his sales territory.

## V.  CAUSES OF ACTION

### COUNT I-VIOLATION OF THE ADA - DISCRIMINATION

25. Vaughn hereby incorporates paragraphs one (1) through twenty-four (24) of his Complaint.

26. Defendant discriminated against Vaughn on the basis of his real or perceived disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

27. Defendant failed to engage in the interactive process with Vaughn and terminated Vaughn's employment because of a real and/or perceived disability.

28. Defendant's actions were intentional, willful and in reckless disregard of Vaughn's rights as protected by the ADA.

29. Vaughn has suffered and continues to suffer harm as a result of

Defendant's unlawful actions.

## COUNT II – RETALIATION - ADA

30. Vaughn hereby incorporates paragraphs one (1) through twenty-nine (29) of his Complaint.

31. Vaughn engaged in protected activity under the ADA.

32. Defendant retaliated against Vaughn for engaging in protected activity.

33. Defendant violated Vaughn's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

34. Defendant's actions were intentional, willful and in reckless disregard of Vaughn's rights as protected by the ADA.

35. Vaughn has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT III- AGE DISCRIMINATION

36. Vaughn hereby incorporates by reference paragraphs one (1) through thirty-five (35) of his Complaint.

37. Defendant discriminated against Vaughn based on his age.

38. Defendant willfully and intentionally discriminated against Vaughn on the basis of his age in violation of the ADEA, 29 U.S.C. § 621 *et. seq.*

39. Vaughn has suffered damages as a result of Defendant unlawful actions.

## COUNT IV – RETALIATION - ADEA

40. Vaughn hereby incorporates paragraphs one (1) through thirty-nine

(39) of his Complaint.

41. Vaughn engaged in protected activity under the ADA.

42. Defendant retaliated against Vaughn for engaging in protected activity.

43. Defendant violated Vaughn's rights as protected by the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq*

44. Defendant's actions were intentional, willful and in reckless disregard of Vaughn's rights as protected by the ADEA.

45. Vaughn has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT V – INDIANA WRONGFUL TERMINATION

46. Vaughn hereby incorporates paragraphs one (1) through forty-five (45) of his Complaint.

47. Vaughn was terminated in retaliation for filing worker's compensation claims in violation of Indiana law.

48. Defendant's actions were intentional, willful and in reckless disregard of Vaughn' rights as protected by Indiana State Law.

49. Vaughn suffered damages as a result of Defendant's unlawful actions.

### COUNT I: VIOLATION OF THE FMLA – INTERFERENCE

50. Vaughn hereby incorporates paragraphs one (1) through forty-nine (49) of his Complaint.

51. Defendant unlawfully interfered with the exercise of Vaughn's rights under the FMLA.

52. Defendant's actions were intentional, willful, and in reckless disregard of Vaughn's rights as protected by the FMLA.

53. Vaughn suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Randal Vaughn, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstate Vaughn to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Vaughn of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages;

5. Liquidated damages for Defendant's violation of the ADEA and FMLA;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC


By: s/Lauren E. Berger
Kyle F. Biesecker, Attorney No. 24095-49
Lauren E. Berger, Attorney No. 29826-19
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
Email:       kfb@bdlegal.com
             lberger@bdlegal.com


Attorneys for Plaintiff, Randal Vaughn


## DEMAND FOR JURY TRIAL

Plaintiff, Randal Vaughn, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC


By: s/Lauren E. Berger
Kyle F. Biesecker, Attorney No. 24095-49
Lauren E. Berger, Attorney No. 29826-19
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
Email:       kfb@bdlegal.com

-9-

[lberger@bdlegal.com](mailto:lberger@bdlegal.com)

Attorneys for Plaintiff, Randal Vaughn